UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL WILSON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 3:07 CV 583 |
| SUPERINTENDENT, | ) |  |
| Respondent. | ) |  |

## OPINION and ORDER

Michael Wilson, a *pro se* prisoner, was convicted of dealing cocaine and false informing in St. Joseph Superior Court and sentenced to 30 years in prison. *State v. Wilson*, No. 71D03-0102-CF-45. He filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. (DE # 1.) The respondent argues that the petition should be denied because Wilson's claims are not cognizable in this proceeding or are procedurally defaulted. (DE # 10.)

In deciding this *habeas* petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Wilson's burden to rebut this presumption of correctness with clear and convincing evidence. *Id.* The Indiana Court of Appeals set forth the facts regarding Wilson's convictions as follows:

> [O]n January 30, 2001, police officers with the Metro Special Operations Section executed a search warrant at 3616 West Washington Street in South Bend. Wilson's girlfriend, Toni Northern, rented the residence. Wilson also lived there, as did Northern's mother, Mary. Police discovered 31 individually wrapped rocks of crack cocaine in the living room, as well as razors, plastic baggies, and a metal lid with cocaine residue in the bedroom Wilson shared with Northern. Wilson and Northern at first were not in the

apartment when it was being searched. When Wilson later came into contact with the police, he initially informed them that he was 'Tommy Lee Brown.' Wilson eventually told police his real name, however, and also admitted that all of the crack cocaine in the 3616 West Washington residence was his and that he had been selling cocaine out of the residence for the past year. Northern and her mother also sold cocaine out of the residence on Wilson's behalf. On January 30, 2001, in particular, Wilson had left the 31 bags of crack for Northern's mother to sell if anyone came to the door while he and Northern went to a movie.

(DE # 9-4 at 2-3, *Wilson v. State*, No. 71A05-0209-CR-0450 (Ind. Ct. App. Apr. 30, 2003).)

On July 23, 2002, a jury found Wilson guilty of conspiracy to commit dealing in cocaine as a class A felony; false informing; dealing in cocaine; possession of cocaine; and conspiracy to commit dealing in cocaine as a class B felony. (*Id.* at 3; DE # 9-2 at 4.) Wilson appealed. (DE ## 9-4, 9-7.) The Indiana Appellate Court vacated the convictions for possession of cocaine and the class B conspiracy conviction as violative of the Double Jeopardy Clause contained in the Indiana Constitution, but affirmed in all other respects. (DE # 9-4 at 10.) Wilson did not seek transfer to the Indiana Supreme Court. (*See* DE ## 9-2, 9-3.)

On July 9, 2003, Wilson filed a petition for post-conviction relief in the state trial court. (DE # 9-2 at 6.) An evidentiary hearing was held on October 17, 2006, and the petition was denied on October 27, 2006.[1] (DE # 9-2 at 8.) On December 13, 2006, Wilson filed a motion with the trial court seeking leave to file a belated notice of appeal of the

---

[1] Wilson filed a motion seeking to "withdraw" his post-conviction petition on October 30, 2006; however, the trial court denied this motion because the petition had already been ruled on. (DE 9-2 at 8.)

court's denial of his post-conviction petition. (DE ## 9-2, 19-3.) The motion was denied on December 22, 2006. (DE # 9-2.)

On May 14, 2007, Wilson sought leave to file a successive post-conviction petition. (DE # 9-5.) The Indiana Appellate Court denied Wilson's request on July 30, 2007, and the petition was returned to him unfiled. (*Id.*)

On November 7, 2007, Wilson filed a "Motion For Relief From Judgment" with the trial court, asking the court to vacate the denial of his post-conviction petition. (DE ## 9-2 at 8; 19-2.) The motion was denied without a hearing on December 10, 2007. (DE# 9-2 at 8.)

On December 21, 2007, Wilson filed a document entitled "Notice of Appeal" in the Indiana Appellate Court. (DE # 9-6.) The court construed the document as an unapproved successive petition for post-conviction relief, and dismissed it with prejudice. (*Id.*)

In the midst of these state court filings, on November 23, 2007, Wilson filed this petition in federal court. (DE # 1.) He raises two claims: (1) the post-conviction court "den[ied] Wilson's Sixth Amendment right to represent himself"; and (2) his counsel at the post-conviction hearing was ineffective. (DE # 1 at 5.)

## ANALYSIS

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of *habeas corpus* on behalf of a person in custody

pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for *habeas* relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim---
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Before considering the merits of a *habeas* petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his federal constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a *habeas* petition when either: (1)

4

the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). A *habeas* petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim on the merits would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In his first claim, Wilson asserts that he was denied his "Sixth Amendment right to represent himself" in the post-conviction proceeding. (DE # 1 at 5.) The record

5

reflects that on November 9, 2005, Wilson appeared *pro se* at the date scheduled for an evidentiary hearing on his post-conviction petition. He told the court that he was trying to compel the appearance of a witness, his former girlfriend Northern (the state's key witness against him at trial), but was having difficulty doing so due to his incarceration. (DE # 16 at 3.) Public defender Philip Skodinski was in the courtroom at the time, and the court enlisted him to help Wilson subpoena Northern. (DE ## 16 at 3-4; 9-2 at 7.) The hearing was postponed several times as Skodinski attempted to locate Northern. (DE ## 16 at 3; 9-2 at 7.) Finally, an evidentiary hearing was held on October 17, 2006, at which Northern did not appear, even though she had been subpoenaed. (DE # 16 at 4.) Skodinski questioned Wilson on the record and also attempted to introduce a prior affidavit from Northern, which the court rejected. (DE # 16 at 4.) The petition was subsequently denied.

The exact nature of Wilson's claim is not clear, but he appears to argue that Skodinski wrongfully "took over" the case without filing a formal appearance, and that the clerk wrongfully sent notices to Skodinski even though he had not filed a formal appearance in the case. (DE # 16 at 5-10.) Even assuming Wilson raises some cognizable constitutional claim in claim one, the claim would be procedurally defaulted since he did not properly raise it in one complete round of state review. Wilson argues that he did properly exhaust, pointing to the documents he attempted to file in the Indiana Appellate Court after his post-conviction petition was denied by the trial court. (*See* DE ## 15, 16, 19.) However, these documents were rejected by the Indiana Appellate Court

for procedural reasons and his claims were never considered on the merits by either the Indiana Appellate Court or the Indiana Supreme Court. *See Coleman*, 501 U.S. at 730 (federal habeas court will not review claim when a state court declines to address claim on merits because petitioner failed to meet state procedural requirements). Wilson has not provided the court with any grounds on which to excuse a procedural default, instead arguing that he did properly exhaust. (*See* ## DE 15, 16.) For these reasons, assuming claim one presents a cognizable claim, the court cannot reach the claim on the merits.

In claim two, Wilson asserts that Skodinski did a poor job representing him at the post-conviction hearing and that he was therefore denied his right to effective assistance of counsel. (*See* DE # 1 at 5.) However, Wilson had no Sixth Amendment right to counsel in his post-conviction proceedings. *Coleman*, 501 U.S. at 752; *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Where there is no constitutional right to counsel, there can be no deprivation of effective assistance. *Coleman*, 501 U.S. at 752. Accordingly, this claim does not provide a basis for granting federal *habeas* relief.

For the foregoing reasons, the petition for writ of *habeas corpus* (DE # 1) is **DENIED.**

                                                **SO ORDERED.**

Date: February 9, 2010

                                                s/James T. Moody
                                                JUDGE JAMES T. MOODY
                                                UNITED STATES DISTRICT COURT